UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELIA CASTELAZ; BRITTANIE NALLEY; NORTHA JOHNSON; and LORI CARTER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE ESTÉE LAUDER COMPANIES INC.; BOBBI BROWN PROFESSIONAL COSMETICS, INC.; ESTÉE LAUDER INC.; SMASHBOX BEAUTY COSMETICS, INC.; TOO FACED COSMETICS, LLC; and PERFECT CORP.<br><br>　　　　Defendants. | Case No. 1:22-cv-05713<br><br>Hon. Lindsay C. Jenkins |

**DEFENDANT PERFECT CORP.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

                                                Page

ARGUMENT ................................................................................................................................. 1

    I.      The Court Does Not Have Personal Jurisdiction Over Perfect ............................... 1

            A.      Plaintiffs Fail to Make a *Prima Facie* Showing that the Court has Personal Jurisdiction Over Perfect ................................................................ 1

                  1.      Plaintiffs ignored Perfect's authority demonstrating lack of personal jurisdiction. ............................................................................ 1

                  2.      Plaintiffs' argument is unsupported and cannot establish a *prima facie* showing of personal jurisdiction. ............................... 2

                  3.      Perfect's privacy policy and terms of service do not confer jurisdiction. ............................................................................................ 5

            B.      Jurisdictional Discovery is Unnecessary and Not Warranted ..................... 6

    II.     Plaintiffs Fail to State a Claim Against Perfect ....................................................... 7

            A.      Plaintiffs' Acknowledgment That Their Data Never Leaves Their Devices is Fatal to Their BIPA Claims ....................................................... 7

            B.      Plaintiffs Mischaracterize Applicable Law Which Requires the Data Collected to be Capable of Identifying Plaintiffs ............................. 9

            C.      Plaintiffs Failed to Identify Any Allegations Showing Perfect Acted Recklessly or Intentionally ............................................................ 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................................10

*Barnett v. Apple Inc.*,
　No. 1-22-0187, 2022 IL App (1st) 220187 (Ill. App. 1st Dist., Dec. 23, 2022) ....................7, 8

*Curry v. Revolution Lab'ys, LLC*,
　949 F.3d 385 (7th Cir. 2020) ......................................................................................................4

*Daichendt v. CVS Pharmacy, Inc.*,
　No. 1:22-cv-3318, 2023 WL 3559669 (N.D. Ill. May 4, 2023) ...........................................9, 10

*Daichendt v. CVS Pharmacy, Inc.*,
　No. 22-cv-03318, 2022 WL 17404488 (N.D. Ill. Dec. 2, 2022) ...........................................9, 10

*Greene v. Karpeles*,
　No. 14 C 1437, 2019 WL 1125796 (N.D. Ill. Mar. 12, 2019) ....................................................4

*Gullen v. Facebook.com, Inc.*,
　2016 WL 245910 (N.D. Ill. Jan. 21, 2016) .................................................................................2

*Gutierrez v. Wemagine.AI LLP*,
　No. 21 C 5702, 2022 WL 252704 (N.D. Ill. Jan. 26, 2022) (*Gutierrez I*) ..........................2, 4, 5

*Gutierrez v. Wemagine.AI LLP*,
　No. 21 C 5702, 2022 WL 6129268 (N.D. Ill. Oct. 7, 2022) ...........................................2, 3, 4, 5

*Heard v. Becton, Dickinson & Co.*,
　440 F. Supp. 3d 960 (N.D. Ill. Feb. 24, 2020) ............................................................................9

*Hill v. AMB Sports & Ent., LLC*,
　No. 22-CV-2961, 2023 WL 2058066 (N.D. Ill. Feb. 16, 2023) .................................................6

*Illinois v. Hemi Grp. LLC*,
　622 F.3d 754 (7th Cir. 2010) ......................................................................................................4

*Jacobs v. Hanwha Techwin Am., Inc.*,
　2021 WL 3172967 (N.D. Ill. July 27, 2021) ...............................................................................9

*Kloss v. Acuant, Inc.*,
　462 F. Supp. 3d 873 (N.D. Ill. 2020) ..........................................................................................9

*Kukovec v. Estée Lauder Companies, Inc.*,
　2022 WL 16744196 (N.D. Ill., 2022) .........................................................................................8

*NBA Properties, Inc. v. HANWJH*,
　46 F.4th 614 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 577, 214 L. Ed. 2d 341
　(2023) ..........................................................................................................................................4

*Norberg v. Shutterfly, Inc.*,
    152 F. Supp. 3d 1105 (N.D. Ill. 2015) ................................................................................4

*Oceanside Health Prod. LLC v. Instock Goodies Inc.*,
    No. SACV2300266CJCDFMX, 2023 WL 3781649 (C.D. Cal. May 2, 2023) .........................6

*Powell v. Shiseido Americas Corp.*,
    21-CV-2295, 2022 WL 19914948 (C.D. Ill. Aug. 22, 2022) ....................................................8

*Rawlins v. Select Specialty Hosp. of Nw. Indiana, Inc.*,
    No. 13-cv-7557, 2014 WL 1647182 (N.D. Ill. Apr. 23, 2014) .................................................7

*Redd v. Amazon Web Servs., Inc.*,
    No. 22 C 6779, 2023 WL 3505264 (N.D. Ill. May 17, 2023) ..................................................2

*Robinson v. Lake Ventures LLC*,
    No. 1:22-cv-6451, 2023 WL 5720873 (Sept. 5, 2023) .......................................................1, 10

*Salkauskaite v. Sephora USA, Inc.*,
    No. 18-cv-08507, 2020 WL 2796122 (N.D. Ill. May 30, 2020) ............................................2, 5

*Sheehan v. Breccia Unlimited Co.*,
    143 S. Ct. 1750, 215 L. Ed. 2d 650 (2023) .............................................................................3

*In re Sheehan*,
    48 F.4th 513, 523 (7th Cir. 2022) (same), *cert. denied sub nom.* ..............................................3

*Stein v. Clarifai, Inc.*,
    526 F. Supp. 3d 339 (N.D. Ill. 2021) ....................................................................................2, 5

*Trio v. Turing Video, Inc.*,
    No. 1:21-CV-04409, 2022 WL 4466050 (N.D. Ill. Sept. 26, 2022) ........................................4

*uBID, Inc. v. GoDaddy Grp., Inc.*,
    623 F.3d 421 (7th Cir. 2010) ...................................................................................................4

*Voodoo SAS v. SayGames LLC*,
    2020 WL 3791657 (N.D. Cal. July 7, 2020) ............................................................................6

*Walden v. Fiore*,
    571 U.S. 277 (2014) .............................................................................................................2, 3

*Will Co. v. Does*,
    No. 3:20-CV-5666, 2022 WL 18878042 (W.D. Wash. Dec. 19, 2022) ...................................6

**Statutes**

740 ILCS 14/15(a) ........................................................................................................................7, 8
740 ILCS 14/15(b) ........................................................................................................................7, 8

Plaintiffs' Opposition to Perfect Corp.'s ("Perfect") Motion to Dismiss ("Motion") ignores the numerous authorities raised by Perfect in its Motion *and* by the Court establishing there is no personal jurisdiction where, as here, an application is merely available and can be downloaded through certain websites that Illinois residents may access. The authorities that Plaintiffs rely on are inapposite and serve only to underscore that Plaintiffs cannot establish a *prima facie* showing of personal jurisdiction under the facts alleged in Plaintiffs' Corrected First Amended Complaint ("CFAC").

Plaintiffs' assertion to have stated a claim fares no better. According to Plaintiffs' own allegations, no biometric data leaves the user's own device. Plaintiffs' claim that BIPA does not require data to ever leave the user is flatly contrary to the statute and applicable case law. In addition, Plaintiffs fail to provide any support for their claim that BIPA applies to completely anonymous "scans of face geometry," without any way to tie such scans to any individual. As Your Honor has recently confirmed, "the relevant inquiry is whether the data that is alleged to have been collected was itself capable of identifying Plaintiffs." *Robinson v. Lake Ventures LLC*, No. 1:22-cv-6451, 2023 WL 5720873, at *8 (Sept. 5, 2023). Finally, Plaintiffs failed in their Opposition to identify any allegation from the CFAC to support its conclusory statement that Perfect "recklessly or intentionally" violated BIPA.

## ARGUMENT

I. **The Court Does Not Have Personal Jurisdiction Over Perfect**

    A. **Plaintiffs Fail to Make a *Prima Facie* Showing that the Court has Personal Jurisdiction Over Perfect**

        1. **Plaintiffs ignored Perfect's authority demonstrating lack of personal jurisdiction.**

Plaintiffs wholly ignore the key authority that Perfect put forward in its Motion, which conclusively demonstrates that the Court does not have personal jurisdiction over Perfect. In

support of its argument, Perfect cited to, *inter alia*, six recent decisions from this district and other federal districts in Illinois dismissing alleged BIPA violations because the courts in those cases lacked personal jurisdiction over the defendants. (*See* Mot. at 9-10.)[1] Perfect highlighted, for example, the decision in *Gutierrez v. Wemagine.AI LLP*, where the court concluded personal jurisdiction was lacking over defendant—the owner of a facial recognition application that was downloaded onto Illinois users' devices—because the fact Illinois users downloaded the application to their devices "does not, on its own, create a basis for personal jurisdiction over Wemagine." (*See* Mot. at 9.) At the September 13, 2023 hearing, the Court *also* noted the importance of *Gutierrez* and *Redd v. Amazon Web Servs., Inc*. (*See* Tr. of 9/13/23 Hrg (attached hereto as **Exhibit 1**) at p.10). Despite the importance of these cases in Perfect's Motion and to the Court, Plaintiffs ignored them.

      **2.**    **Plaintiffs' argument is unsupported and cannot establish a *prima facie* showing of personal jurisdiction.**

Plaintiffs mischaracterize Perfect's argument. Perfect does not assert, as Plaintiffs suggest, that it could only be subject to personal jurisdiction if its actions were directed "***solely***" at Illinois. (*See* Opp. at 5.) Rather, Perfect has demonstrated that there is no personal jurisdiction over Perfect because Plaintiffs alone—and not also Perfect—have contacts with Illinois. (Mot. at 5-10.) The Supreme Court and Seventh Circuit have made clear that personal jurisdiction does not attach to a defendant under such circumstances. *See Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the

---

[1] The decisions Perfect cited are: *Redd v. Amazon Web Servs., Inc.*, No. 22 C 6779, 2023 WL 3505264 (N.D. Ill. May 17, 2023); *Gutierrez v. Wemagine.AI LLP*, No. 21 C 5702, 2022 WL 6129268 (N.D. Ill. Oct. 7, 2022) (*Gutierrez II*); *Gutierrez v. Wemagine.AI LLP*, No. 21 C 5702, 2022 WL 252704 (N.D. Ill. Jan. 26, 2022) (*Gutierrez I*); *Stein v. Clarifai, Inc.*, 526 F. Supp. 3d 339 (N.D. Ill. 2021); *Salkauskaite v. Sephora USA, Inc.*, No. 18-cv-08507, 2020 WL 2796122 (N.D. Ill. May 30, 2020); and *Gullen v. Facebook.com, Inc.*, 2016 WL 245910, (N.D. Ill. Jan. 21, 2016).

forum State."); *In re Sheehan*, 48 F.4th 513, 523 (7th Cir. 2022) (same), *cert. denied sub nom. Sheehan v. Breccia Unlimited Co.*, 143 S. Ct. 1750, 215 L. Ed. 2d 650 (2023). Here, because Plaintiffs are the only link between Perfect and Illinois, this Court does not have personal jurisdiction over Perfect. *See Walden*, 571 U.S. 277 at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

Plaintiffs seek to avoid the plain fact they are the only link between Perfect and Illinois by suggesting Perfect took an affirmative step into Illinois by designing the VTOs to "reach into Illinois" and "place Perfect's code into Illinois consumers' devices to capture their biometrics." (Opp. at 6.) Plaintiffs' own allegations and the unchallenged Chen Declaration, however, belie this suggestion. As alleged in the CFAC, it was the Plaintiffs who (i) visited the Estée Lauder Brand Websites, (ii) selected the "Try It On" (or similarly phrased) prompt, (iii) caused the VTO to be downloaded to the browser on their individual devices, and (iv) chose to use either the "Live Camera" feature or a photo whereby the VTO, which was downloaded to the browser on their devices, "scans the user's face geometry from the live video feed or uploaded image of the user's face." (*See* CFAC at ¶¶ 31, 94-96.) This is consistent with the Chen Declaration, attached to Defendants' Motion. (*See* Chen Decl. (Dkt. 44), at ¶ 15.) Any alleged connection to Illinois was occasioned by Plaintiffs' own interaction with the VTO, not—as is required—Perfect's specific actions within this jurisdiction. *See Gutierrez II*, 2022 WL 6129268 at *2 ("Like an interactive website, any alleged harm here was occasioned by Plaintiff Ross's own interaction with Voila—downloading and accessing the App and then uploading his photo—rather than the Defendant's specific actions in this jurisdiction."). That the VTO is downloaded onto an Illinois user's device when the user visits an Estee Lauder Brand Website and clicks to use the VTO simply does not establish a connection between Illinois and the defendant sufficient to confer

3

personal jurisdiction. *See Gutierrez I*, 2022 WL 252704 at *2 (no personal jurisdiction over application-owner defendant where defendant's only contact with Illinois was that plaintiff and other members of the putative class downloaded its application and used it).[2]

Tellingly, Plaintiffs do not cite to any authority that supports the proposition that a court has personal jurisdiction over a defendant simply because a defendant's application can be downloaded onto a plaintiff's device while in Illinois. Rather, Plaintiffs' authority largely stands for the unremarkable—and inapplicable—proposition that courts may, in certain circumstances, exercise personal jurisdiction over a defendant who ships physical items to individuals in Illinois.[3] Indeed, and also ignored by Plaintiffs, several of the cases Perfect relies on its Motion explicitly distinguish Plaintiffs' authorities on these grounds. *See Gutierrez I*, 2022 WL 252704 at *3 ("Unlike the defendant[] in . . . **Curry**, there is no evidence that Wemagine purposefully directed any of its conduct toward Illinois, did any Illinois-specific shipping, marketing, or advertising, or sought out the Illinois market in any way."); *id*. at *2, n.2 (distinguishing **Norberg** because defendant there had shipped hard copy photographs and other products to Illinois

---

[2] *See also Gutierrez II*, 2022 WL 6129268 (no personal jurisdiction where amended complaint included a plaintiff who downloaded defendant's application in Illinois and paid $30.00 for an annual subscription, and further alleged that defendant derived substantial revenue from nearly 5,000 Illinois-based application users due to subscription fees and its display of third-party advertising).

[3] *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (personal jurisdiction where defendant established online store and intentionally shipped product to customers in Illinois), *cert. denied,* 143 S. Ct. 577, 214 L. Ed. 2d 341 (2023); *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 399 (7th Cir. 2020) (personal jurisdiction where online purchasers selected Illinois shipping address, received a confirmation email confirming their Illinois address, and received products in the mail); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 427-28 (7th Cir. 2010) (personal jurisdiction where defendant had placed physical ads in particular Illinois venues and had "hundreds of thousands" of Illinois customers who "sent many millions of dollars to the company each year"); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (personal jurisdiction where defendant sold hundreds of packs of cigarettes to Illinois resident); *Trio v. Turing Video, Inc.*, No. 1:21-CV-04409, 2022 WL 4466050, at *4-5 (N.D. Ill. Sept. 26, 2022) (personal jurisdiction where defendant shipped its product to Illinois addresses); *Greene v. Karpeles*, No. 14 C 1437, 2019 WL 1125796, at *7 (N.D. Ill. Mar. 12, 2019) (personal jurisdiction where defendant (i) operated a currency exchange that generated thousands of Illinois accounts and received Illinois customer's assets, and (ii) directed agents to directly communicate with and make misrepresentations to Illinois customers); *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1105, 1105 (N.D. Ill. 2015) (jurisdiction where defendants offered photo printing services and shipped hard copy photographs and other products to Illinois customers).

customers); *Gutierrez II*, 2022 WL 6129268 at *3 (holding that *Trio* was "inapposite" because it involved the "the sale and shipping of physical products to Illinois customers" which was not at issue in *Gutierrez*); *Stein*, 526 F. Supp. 3d at 345 (distinguishing *Hemi* because "the defendant in *Hemi* made an affirmative choice to allow sales in Illinois by selling 300 packs of cigarettes, a heavily regulated product, to one Illinois resident . . . .").

### 3. Perfect's privacy policy and terms of service do not confer jurisdiction.

Plaintiffs also argue that the Court has personal jurisdiction over Perfect because Perfect "sought the protection of Illinois law in connection with licensing and running the VTOs." (Opp. at 7.) Plaintiffs cite Perfect's online privacy policy and terms of service, which they allege (i) state that Perfect may collect information about user locations, and (ii) reference BIPA and potential collection of biometric data. (*Id.* at 7-8.) Plaintiffs assert that "Perfect knew, and expected, it could be sued in this forum." (*Id.*)

Plaintiffs' argument misunderstands the law. That a defendant is aware that its technology may be—or even is—used in a jurisdiction does not confer personal jurisdiction over the defendant. The court in *Salkauskaite v. Sephora USA, Inc.*, for example, found there was no personal jurisdiction over "ModiFace"—a company which owned technology that allegedly captured customers' facial geometry—even though Modiface knew that its technology was being used in Illinois. *See Salkauskaite*, 2020 WL 2796122 at *5 (stating that merely because the "technology was used in Illinois does not establish minimum contacts").

Relatedly, multiple courts have found that a defendant's explicit reference to a jurisdiction's privacy laws on its website does ***not*** confer personal jurisdiction. *See, e.g.*, *Oceanside Health Prod. LLC v. Instock Goodies Inc.*, No. SACV2300266CJCDFMX, 2023 WL 3781649, at *4 (C.D. Cal. May 2, 2023) (rejecting plaintiff's argument that defendant's inclusion

5

of California privacy laws on its website established personal jurisdiction) (citing *Voodoo SAS v. SayGames LLC*, 2020 WL 3791657, at *5 (N.D. Cal. July 7, 2020) (finding that inclusion in privacy policy of section addressing the CCPA "showed that SayGames knew Jelly Shift might be purchased by California residents," but "did not indicate that SayGames specifically aimed Jelly Shift at California residents.") (cleaned up)); *see also Will Co. v. Does* 1-20, No. 3:20-CV-5666-DGE, 2022 WL 18878042 (W.D. Wash. Dec. 19, 2022) ("References to United States' laws in JuicyAds' terms of service agreement is not sufficient to show Defendants' intentional actions were expressly aimed at this forum."). Thus, Perfect's online policies do not establish personal jurisdiction here.

### B. Jurisdictional Discovery is Unnecessary and Not Warranted

Plaintiffs ask this Court to allow them to conduct jurisdictional discovery, but Plaintiffs cannot articulate any discovery they believe would be helpful to the Court. Plaintiffs offer two half-hearted arguments in support of their request for jurisdictional discovery.

First, Plaintiffs assert that [j]urisdictional discovery may be allowed where few of the relevant jurisdictional facts are known yet." (Opp. at 10.) But the relevant jurisdictional facts are known, and they do not support jurisdiction. Tellingly, Plaintiffs do not identify *any* areas of discovery that would assist the Court in determining whether it has jurisdiction over Perfect. *See Hill v. AMB Sports & Ent., LLC*, No. 22-CV-2961, 2023 WL 2058066, at *7 (N.D. Ill. Feb. 16, 2023) (denying motion for jurisdictional discovery and noting that jurisdictional discovery should not amount to a fishing expedition). Plaintiffs' failure is all the more notable because this Court asked Plaintiffs to "specifically identify" particular areas where jurisdictional discovery would be helpful to the Court. (*See* Ex. 1 at 10-11.) Plaintiffs could not do so.

Second, Plaintiffs state that "[j]urisdictional discovery is appropriate given the contradictions between the allegations in the FAC and the Chen Declaration." (Opp. at 10.) But

6

Plaintiffs do not identify even a single contradiction between their allegations and the Chen Declaration. *See Rawlins v. Select Specialty Hosp. of Nw. Indiana, Inc.*, No. 13-cv-7557, 2014 WL 1647182, at *6 (N.D. Ill. Apr. 23, 2014) (no jurisdictional discovery allowed where plaintiff failed to "meaningfully contradict[] [defendant's] affidavit"). There is no "contradiction" that could be the subject of discovery. Plaintiffs' request for jurisdictional discovery must be denied.

## II.     Plaintiffs Fail to State a Claim Against Perfect

### A.     Plaintiffs' Acknowledgment That Their Data Never Leaves Their Devices is Fatal to Their BIPA Claims

Plaintiffs acknowledge they do not allege that biometric data ever leaves the user's own device.[4] They instead argue it does not matter "because BIPA contains no such requirement." (Opp. at 11.) Plaintiffs are wrong. This requirement is inherent in the statute's framework. Section 15(a) "by its express terms, applies only to a 'private entity in *possession* of biometric identifiers or biometric information.'" *Barnett v. Apple Inc.*, No. 1-22-0187, 2022 IL App (1st) 220187, ¶ 34 (Ill. App. 1st Dist., Dec. 23, 2022) (emphasis in original and quoting 740 ILCS 14/15(a)). And Section 15(b) places restrictions on when and how a private entity may "*collect*, *capture*, *purchase*, *receive* through trade, or otherwise *obtain* a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(b) (emphasis added). Plaintiffs' claim that data can be "possessed," "collected," "captured" or "obtained" by Perfect despite the data never leaving the user's device or being sent from the user to anywhere, much less sent to Perfect, is contrary to BIPA's plain language.

---

[4] Contrary to Plaintiffs' suggestion, Perfect does not ask the Court to "require Plaintiffs to prove a lengthy and technical explanation of how the various VTOs work and plead in granular detail how Perfect and ELC capture, collect or possess biometrics." (Opp. at 10-11.) Rather, Perfect asserts that because Plaintiffs acknowledge they do not allege that data ever leaves the user's device, or that Perfect is capable of accessing the scans on the user's device, Plaintiffs did not adequately plead that Perfect ever captured, collected, used, possessed or otherwise obtained Plaintiffs' biometric data. (*See* Mot. at 11-13.)

7

The Illinois Appellate Court rejected the same argument Plaintiffs advance here. In *Barnett v. Apple Inc.*, the plaintiffs alleged that Apple violates BIPA because the "Apple software" collected, captured and possessed plaintiffs' face scans. 2022 IL App (1st) 220187 at ¶ 43. However, the plaintiffs alleged that the face scans never left their individual devices and were never sent to Apple or any third party. *Id*. at ¶ 44. The court affirmed dismissal of plaintiffs' Sections 15(a) and 15(b) claims, noting that plaintiffs improperly "equate[] the product with the company." *Id*. at ¶ 43 ("Plaintiffs argue that Apple 'possesses' their information because Apple software collects and analyzes their information.").

Here, just as in *Barnett*, Plaintiffs mistakenly equate the VTO application with the company, Perfect, for purposes of BIPA. Specifically, Plaintiffs allege "[t]he ***VTO then collects*** biometric data from the photo to place the selected makeup products on the user's face." CFAC, at ¶ 11 (emphasis added). Plaintiffs confirm this in their Opposition, arguing the ***VTO*** "collects" or "captures" users' biometric data "because it is this very capture and collection that enables the tools to display the virtual product on the user's image." (Opp. at 11.) In other words, it is the VTO application itself that is "collecting" or "capturing." But, as alleged, the VTO is downloaded to the browser on the user's own device. The VTO is not Perfect—it is an application provided by Perfect that is accessed and downloaded through the Estee Lauder Brand Websites. Just as the Illinois Appellate Court dismissed BIPA claims against Apple, this Court should dismiss Plaintiffs' claims because they allege the VTO located on a user's device, not Perfect, collects or captures the purported biometric data and the data never leaves the user's device.

The case law cited by Plaintiffs is similarly unavailing. *Kukovec v. Estée Lauder Companies, Inc.*, 2022 WL 16744196 (N.D. Ill., 2022) and *Powell v. Shiseido Americas Corp.*, 21-CV-2295, 2022 WL 19914948, (C.D. Ill. Aug. 22, 2022) do not support Plaintiffs' position

8

because in those cases—unlike here—the plaintiffs did not affirmatively allege that the application was downloaded to the browser on users' devices. Likewise, Plaintiffs' attempts to distinguish *Jacobs v. Hanwha Techwin Am., Inc.*, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021) and *Heard v. Becton, Dickinson & Co.* ("*Heard I*"), 440 F. Supp. 3d 960, 968 (N.D. Ill. Feb. 24, 2020) are off point.[5] Those cases were dismissed not because defendants were third-party technology providers who played no active role in the collection, but rather because—like here—the plaintiffs failed to allege defendant ever stored, held or exercised control over the biometric data. *See Heard*, 440 F. Supp. 3d at 968; *Jacobs*, 2021 WL 3172967 at *3.

### B. Plaintiffs Mischaracterize Applicable Law Which Requires the Data Collected to be Capable of Identifying Plaintiffs

In its Motion, Perfect demonstrated that Plaintiffs fail to state a claim because they do not allege that Perfect, or anyone else, is capable of determining their identities from the data Plaintiffs allege Perfect collects or captures. (Mot. at 13-15.) Plaintiffs' attempt to avoid Perfect's argument fails. First, Plaintiffs mistake the holdings of *Daichendt v. CVS Pharmacy, Inc.*, No. 22-cv-03318, 2022 WL 17404488, at *5 (N.D. Ill. Dec. 2, 2022) ("*Daichendt I*") and *Daichendt v. CVS Pharmacy, Inc.*, No. 1:22-cv-3318, 2023 WL 3559669, at *1 (N.D. Ill. May 4, 2023) ("*Daichendt II*"). There is no support for Plaintiffs' assertion that the *Daichendt* court dismissed the plaintiffs' BIPA claims because "plaintiffs alleged only that the defendant scanned passport photographs for particular characteristics of the photograph." (Opp. at 13.) Rather, *Daichendt I* explicitly held that the "problem for plaintiff" was that their complaint "[did] not allege that they provided defendant with any information, such as their names or physical or email addresses, ***that could connect the voluntary scans of face geometry with their identities***."

---

[5] Plaintiffs made no effort to distinguish *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020), also cited in Perfect's Motion.

9

*Daichendt I*, 2022 WL 17404488, at *5 (emphases added).[6] Second, Plaintiffs assert in their Opposition that they *did* "allege biometrics collected by Perfect and ELC can be used to identify the VTO user." (Opp. at 14.) Plaintiffs cite to CFAC ¶ 85: "The biometric data, including the face geometry scans, captured, collected, used, and/or otherwise obtained by Defendants each time a visitor to the Brand Websites uses the VTO, is unique to that VTO user and can be used to identify the VTO user." That statement, however, is the precise type of "mere conclusory statement" that the Supreme Court has held *cannot* support a claim, and must be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C. **Plaintiffs Failed to Identify Any Allegations Showing Perfect Acted Recklessly or Intentionally**

Finally, Plaintiffs oppose Perfect's argument that the Court dismiss Plaintiffs' request for the enhanced statutory award of $5,000 per "reckless or intentional" violation of BIPA because Plaintiffs failed to allege any substantive details in support of that claim. (Opp. at 15.) To do so, Plaintiffs' self-servingly reject the holding in *Kukovec*—a case which (i) was decided *after* the authority that Plaintiffs cite and (ii) Plaintiffs themselves attempt to rely on in their brief. Indeed, Plaintiffs' conclusory assertion that Perfect committed "reckless or intentional" violations of BIPA are especially facile here, Plaintiffs have alleged that Perfect agreed to comply with BIPA. (*See* CFAC ¶ 81; Opp. at 8.)

### CONCLUSION

Perfect requests that this Court dismiss Plaintiffs' CFAC as to Perfect with prejudice.

---

[6] *See also Daichendt II*, 2023 WL 3559669 at *2 (allowing amended complaint to move forward because plaintiffs alleged that "defendant scanned their face geometry [which] is associated with their personal contact information in defendant's photo system."). Your Honor also recently held that "the relevant inquiry is whether the data that is alleged to have been collected was itself capable of identifying Plaintiffs." *Robinson*, 2023 WL 5720873 at *8.

Dated: November 3, 2023

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ *Brett M. Doran*
Brett M. Doran
Kevin J. Quilty
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
doranb@gtlaw.com
quiltyk@gtlaw.com
*Attorneys for Defendant Perfect Corp.*